FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2019 MAY 10 PM 12: 24

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

**MICHAEL PANDOLFI,**

Plaintiff,

vs.

Case No.: 3:19-cv-556-J-39JRK

**STRYKER CORPORATION,** a
Michigan Corporation,
**STRYKER SALES CORPORATION,**
a Michigan Corporation, and
**STRYKER INSTRUMENTS,** a division
Of Stryker Corporation.

Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Michael Pandolfi, brings this action seeking injunctive relief, monetary damages, attorney's fees and costs against the Defendant, and alleges the following:

1. The Plaintiff, MICHAEL PANDOLFI, brings this action against STRYKER CORPORATION, STRYKER SALES CORPORATION and STRYKER INSTRUMENTS, the Defendants ("Stryker"), for violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A. § 623, and the Florida Civil Rights Act, Florida Statutes § 760.10.

2. Stryker hired Plaintiff in 2006 as a sales representative, where he was employed in that role until 2012, when Stryker promoted Pandolfi to Stryker's Interventional Spine Southeast Regional Manager. During his tenure at Stryker, Pandolfi met or exceeded sales quotas on a regular basis and received awards and accolades for his service. Despite Pandolfi's many achievements, Stryker subjected him to discrimination because he was a 53-year-old man.

1

On December 6, 2017, after twelve years of service, Stryker summarily fired Pandolfi and replaced him with an employee who is approximately 21 years younger, had less seniority at Stryker and significantly less experience in the Medical Devices/Interventional Spine Sales industry.

## JURISDICTION

3.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, in that this is a civil action arising under the ADEA. This court has supplemental jurisdiction over plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. §1367(a).

## VENUE

4.  Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## CONDITIONS PRECEDENT

5.  On March 20, 2018, Pandolfi timely filed a charge of age discrimination with the Equal Employment Opportunity Commission (EEOC).

6.  On or about February 11, 2019 the EEOC issued Pandolfi a Notice of Right to Sue. This Complaint has been filed within 90 days of receipt of that notice. Pandolfi has fully complied with all prerequisites to jurisdiction in this Court under the ADEA. See Exhibit 1

## PARTIES

7.  Pandolfi is a 54-year-old man who resides in St. John's, Florida, and is a citizen of Florida.

8. Pandolfi is an employee, as defined by the ADEA and Florida Statutes.

9. Upon information and belief, Stryker Corporation is a Michigan corporation with corporate headquarters located in Kalamazoo, Michigan. Stryker Corporation maintains offices and does business in Jacksonville, Florida. Stryker employs more than 20,000 employees and is an employer as defined by the ADEA and the Florida Civil Rights Act.

10. Upon information and belief, Stryker Sales Corporation is a division of Stryker Corporation and a Michigan corporation with corporate headquarters located in Kalamazoo, Michigan.

11. Upon information and belief, Stryker Instruments is a division of Stryker Corporation, is a Michigan corporation with corporate headquarters located in Kalamazoo, Michigan.

12. Stryker is separated into three business segments, based on the type of medical equipment manufactured and marketed: Orthopedics, Medical and Surgical, and Neurotechnology and Spine.

## FACTS

13. Pandolfi began working for Stryker in 2006 as a sales representative in Stryker's Neuro/Spine/ENT Division. At the time Stryker hired Pandolfi he was 41 years old.

14. During his tenure as a sales representative, Pandolfi met or exceeded sales goals every year. In recognition of his accomplishments, Pandolfi was awarded the Master Achiever Award for ProCare Sales and Veteran of the Year in 2011.

3

15. Stryker promoted Pandolfi to the rank of Interventional Spine Southeast Regional Manager in the first quarter of 2012. During his six-year tenure as Regional Manager, Pandolfi supervised between 12 and 15 subordinates.

16. In 2013, Pandolfi was awarded the Regional Manager of the Year Award. While employed as Regional Manager, Pandolfi was the only Regional Manager of 14 nationwide to meet or surpass sales quotas four years in a row from 2013 through 2016. In 2016, Pandolfi was given a "highly effective" rating in his yearly performance review by Stryker's National Sales Director.

17. Despite these accomplishments, with a change in company leadership, Pandolfi became the subject of ridicule and discriminatory treatment based on his age. Stryker leadership marginalized Pandolfi, while treating younger similarly-situated employees more favorably.

18. At the end of 2016, the previous National Sales Director for the Interventional Spine Division left employment with Stryker and was replaced by the Director of Marketing from Interventional Spine, Chad Ludwig. Ludwig created a new layer of management between the National Sales Director and the Regional Managers, a position thereafter known as Area Director.

19. Two Area Directors split the country, and Brian Canada was named the Area Director for the East Coast on April 1, 2017. Canada was less than 40 years old.

20. Within two weeks of Canada's promotion, Canada met Pandolfi and at their initial meeting, asked Pandolfi about his retirement plans and thereafter began referring to Pandolfi as "veteran." Within two months, Canada was speaking with Pandolfi's subordinates about

Pandolfi. With the exception of one employee, all of Pandolfi's subordinates were below the age of 40.

21. After Canada's promotion, Pandolfi's peers started referring to Pandolfi as "paw-paw" and "pop-pop." During group text messages between Canada, Pandolfi and Pandolfi's peers, Canada stayed silent while Pandolfi's peers referred to Pandolfi by these terms, referenced "AARP" and compared images of older people to Pandolfi.

22. Stryker held a management meeting in November 2017 where Canada, all of the Regional Managers and Stryker Interventional Spine Director of Human Resources, Lillian Reeves, were present. At this meeting, the Gallup Organization gave a presentation on managing different generations: Millennials, Gen-X's and Baby Boomers.

23. During the presentation, it came to light that Pandolfi was the only Baby Boomer in the room. Canada and several others present made disparaging remarks about old age and Baby Boomers during the presentation. No person present admonished these individuals to cease their disparaging remarks.

24. On November 30, 2017, Stryker placed Pandolfi on a performance improvement plan ("PIP"). The purported reason for the PIP was to improve Pandolfi's management of his subordinates, however the language of the PIP was ambiguous and vague. It alleged Pandolfi was, "unsuccessful in setting an appropriate tone with [his] team," and that he "displayed an inability to interact with internal teams in a positive and respectful manner." However, the PIP failed to note any specific instances where Pandolfi treated any of his subordinates with disrespect.

25. On December 6, 2017, Pandolfi was requested to meet with personnel from Stryker's Human Resources department and the Director of Sales. At that meeting, Pandolfi was fired for a "code of conduct violation." The purported reason for Pandolfi's termination was that he forced a subordinate, Tracy Baumgartner, to work while she was taking time off work for maternity leave pursuant to the Family Medical Leave Act ("FMLA").

26. Stryker's termination of Pandolfi for violating the FMLA was pure pretext.

27. Ms. Baumgartner was on maternity leave between March 9, 2017 and June 1, 2017, yet Stryker never asked Pandolfi about the FMLA concerns until November of 2017.

28. During Baumgartner's maternity leave, Pandolfi never called her and did not initiate email communication with her. In fact, Baumgartner initiated work related communications with Pandolfi, with other Stryker employees, and with clients. Baumgartner continued to earn commissions from sales while on maternity leave.

29. Tellingly, Stryker split Pandolfi's region in half and replaced Pandolfi with Brad Wallace, a man who is approximately 32 years old. Mr. Wallace had little to no sales management experience, coming from the Interventional Spine marketing group.

### COUNT ONE
### Violation of 29 USCA § 623
### Age Discrimination in Employment Act

30. Pandolfi repeats and realleges paragraphs 1 through 29 hereof, as if fully set forth herein.

31. Pandolfi was 53 years old and qualified for his position when Stryker fired him. Stryker discriminated against Pandolfi when Stryker fired him on the basis of his age.

32.   Stryker's reasons for firing Pandolfi are a pretext for age discrimination.

33.   Stryker's termination of Pandolfi's employment in violation of the ADEA was willful in that Stryker knew or showed reckless disregard for whether its conduct was prohibited by law.

34.   Pandolfi has suffered damages as a result of Stryker's unlawful discriminatory actions, including past and future lost wages and benefits and the costs of bringing this action.

35.   Stryker willfully violated Pandolfi's rights under the ADEA and, as a result, is liable for liquidated damages.

**WHEREFORE**, Pandolfi respectfully requests judgement as follows:

a)   Accept jurisdiction over this matter

b)   Award Pandolfi for his past and future loss of wages and benefits, plus interest;

c)   Order Stryker to reinstate Pandolfi to a position comparable to his former position or, in lieu of reinstatement, award him front pay (including benefits);

d)   Award to Pandolfi liquidated damages incurred in connection with this action;

e)   Award to Pandolfi all costs and reasonable attorneys' fees incurred in connection with this action; and

f)   Grant Pandolfi such additional or alternative relief as the Court deems just and proper.

## COUNT TWO
## Violation of Age Discrimination
## Under the Florida Civil Rights Act § 760.10.

36. Pandolfi repeats and realleges paragraphs 1 through 29 hereof, as if fully set forth herein.

37. Stryker discriminated against Pandolfi by terminating his employment on the basis of his age.

38. In discriminating against Pandolfi on the basis of age, Stryker acted with malice or reckless disregard for his protected rights.

39. As a direct and proximate result of Stryker's violation of the Florida Civil Rights Act, Pandolfi has suffered lost wages and benefits, severe emotional distress, emotional pain, suffering, inconvenience, mental anguish and non-pecuniary losses.

**WHEREFORE**, Pandolfi respectfully requests judgement as follows:

- a. Accept jurisdiction over this matter
- b. Compensation for all compensatory damages allowed by law;
- c. Compensation for punitive damages allowed by law;
- d. Payment for future lost wages and damages;
- e. An award of reasonable attorney's fees and costs;
- f. Interest; and
- g. Such other additional equitable and legal relief as may be just and proper.

## JURY DEMAND

Pandolfi demands a trial by jury on all claims properly triable by a jury.

Respectfully submitted,

**PAUL DARAGJATI, P.L.C.**

/s/   Paul A. Daragjati
**PAUL A. DARAGJATI, ESQ.**
Florida Bar No. 713813
paul@daragjatilaw.com
Fraternal Order of Police Building
5530 Beach Blvd.
Jacksonville, FL 32207
Telephone:	(904) 398-7010
Fax:		(904) 398-7192
*Counsel for Michael Pandolfi*